# DAVIS POLK & WARDWELL LLP

450 LEXINGTON AVENUE
NEW YORK, NY 10017
212 450 4000
FAX 212 701 5800

MENLO PARK
WASHINGTON, D.C.
SÃO PAULO
LONDON
PARIS
MADRID
TOKYO
BEIJING
HONG KONG

ROBERT F. WISE, JR.
212 450 4512

April 4, 2016

**BY ECF**

Ms. Catherine O'Hagan Wolfe
Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

> Re: *In re: LIBOR-Based Financial Instruments Antitrust Litigation*,
> No. 13-3565 (L) **–** *Appellees' Response to Notice of Supplemental
> Authority Pursuant to Rule 28(j) of the Federal Rules of Appellate
> Procedure*

Dear Ms. Wolfe:

The supplemental authority submitted by Appellants, *Alaska Electrical Pension Fund v. Bank of America Corp.*, 14-CV-7126 (S.D.N.Y. Mar. 28, 2016), is, as Judge Furman recognized, distinguishable from *LIBOR* in a "critical respect": *Alaska* alleged a conspiracy to manipulate a benchmark by fixing prices on "actual transactions" in a market "where Defendants [were] supposed to be perpetually competing." Slip Op. 15. Appellants here allege no price fixing in the London interbank market. LIBOR is based instead on Appellees' estimates of what others would hypothetically charge them to borrow—not actual competitively set prices. If, as Appellants allege, LIBOR was not accurate, it was not because Appellees restrained market competition, as in *Alaska*, but because they allegedly misrepresented their borrowing costs.

*Alaska* goes on to suggest that a "cooperative endeavor" among competitors "to arrive at a benchmark rate" becomes illegal *per se* price fixing if it results in "manipulation." *Id.* at 16-18. Manipulation, however, is defined by intent, which has never been an element of price fixing. Neither intent nor reasonableness are relevant to a *per se* violation. *See, e.g.*, *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150, 224 n.59 (1940). By contrast, price fixing

Ms. Catherine O'Hagan Wolfe                    2                                    April 4, 2016

is defined by restraint of competition that would otherwise exist absent conspiracy.  *Alaska* thus confuses manipulation, which requires neither conspiracy nor restraint of competition, with price fixing, which requires both. Appellants' claim fails to identify any respect in which the alleged falsity of Appellees' borrowing estimates restrained *competition* that would otherwise have existed, and nothing in *Alaska* remedies that deficiency.

      *Alaska* also notes that antitrust conspiracies can involve "misrepresentations."  Slip op. 19-20.  While true, misrepresentations cause antitrust injury only when they serve to restrain competition.  Appellants here, however, allege harm due solely to *misrepresentation*, not to any *restraint on competition*.  Had the borrowing estimates not been allegedly misrepresented, there would not have been any more competition in any relevant market.

      Appellants' assertion that *Alaska*'s determination that the conspiracy allegations there were sufficient is "equally applicable" here ignores the significant differences in the allegations and Appellants' failure to show circumstances that support a plausible inference of conspiracy.


                  Respectfully yours,

                  /s/ *Robert F. Wise, Jr.*
                  Robert F. Wise, Jr.


cc:        All counsel (by ECF)